UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CRAIG E. BROUGHTON,

       Petitioner,

v.                        Case No: 5:13-cv-189-Oc-29PRL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

       Respondents.[1]

_____

## OPINION AND ORDER

This matter comes before the Court upon a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Craig E. Broughton ("Petitioner") who is presently confined at the Florida State Prison in Raiford, Florida (Doc. 1, filed Apr. 19, 2013). Petitioner, proceeding *pro se*, attacks the convictions and sentences entered by the Fifth Judicial Circuit Court in Marion County, Florida for conspiracy to commit robbery with a firearm, robbery with a firearm, principal to robbery, possession of a firearm by a convicted felon, carrying a concealed firearm, and dealing in stolen property

_____

[1] When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004)(citations omitted).  In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections.  Therefore, the Florida Attorney General will be dismissed from this action.

Id.   Respondent filed a response to the petition (Doc. 11). Petitioner filed no reply.

The petition raises four claims: (1) defense counsel failed to advise Petitioner of a viable defense prior to his guilty plea; (2) defense counsel failed to advise Petitioner that he had the right to counsel if he proceeded to trial; (3) defense counsel erroneously advised Petitioner that the jury would hear about his prior convictions for robbery if he testified at trial; and (4) defense counsel failed to advise Petitioner that he could have been found guilty of a lesser included offense if he proceeded to trial (Doc. 1 at 4-9).

Upon due consideration of the pleadings and the state court record, the Court concludes that the petition must be denied. Because the Court may resolve the Petition on the basis of the record, an evidentiary hearing is not warranted.  See Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## I.   Background and Procedural History

On August 18, 2010, Petitioner pleaded guilty to four counts of robbery with a firearm, one count of principal to robbery with a firearm, one count of conspiracy to commit robbery with a firearm, two counts of possession of a firearm by a convicted felon, two

counts of carrying a concealed firearm, and one count of dealing in stolen property (App. A at 30-34, 38-43).[2]  Pursuant to a plea agreement, Petitioner was sentenced to: concurrent forty year prison sentences on each of the life felony charges; concurrent fifteen year prison sentences on the second degree felony charges; and concurrent five year sentences on the third degree felony charges. Id. at 38-43.   Petitioner also received a three-year minimum mandatory sentence on the possession of a firearm by a convicted felon charge. Id.   The net result of Petitioner's sentences was a forty year prison sentence with a ten-year mandatory minimum sentence. Id.   Petitioner's convictions and sentences were *per curiam* affirmed by Florida's Fifth District Court of Appeal (App. C at 16).

On January 10, 2012, Petitioner filed a motion pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion" (App. D at 1).  After an evidentiary hearing (App. D at 37-76), the Rule 3.850 motion was denied by the post-conviction court. Id. at 92-105.   Petitioner appealed the denial, but argued only that the post-conviction court erred by failing to appoint counsel to represent him at the evidentiary hearing and by denying grounds one and two of his Rule 3.850 motion (App. E at 1).   Florida's Fifth

---

[2] Unless otherwise indicated, references to appendices and exhibits are to those filed by Respondent on November 21, 2013 (Doc. 13).

District Court of Appeal *per curiam* affirmed. <u>Id.</u> at 37; <u>Broughton v. State</u>, 109 So. 3d 1170 (Fla. 5th DCA 2013).

Petitioner filed the instant habeas petition in this Court on April 19, 2013 (Doc. 1).

**II.  <u>Governing Legal Principles</u>**

    **A.  Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")**

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and difficult to meet.  <u>White v. Woodall</u>, 134 S. Ct. 1697, 1702 (2014).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008).  Notably, a state court's violation of <u>state</u> law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Wilson v. Corcoran</u>, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. White, 134 S. Ct. at 1702; Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law, since 'a general standard' from [the Supreme Court's] cases can supply such law." Marshall v. Rodgers, 133 S. Ct. 1446, 1449 (2013) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case. White, 134 S. Ct. at 1706 (quoting Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. Ward v. Hall,

592 F.3d 1144, 1155 (11th Cir. 2010); Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown v. Payton, 544 U.S. 133, 134 (2005); Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702 (quoting Harrington v. Richter, 562 U.S. 86 (2011)). Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." Knowles, 556 U.S. at 122.

Finally, when reviewing a claim under § 2254(d), a federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by

clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Miller-El v.</u>
<u>Cockrell</u>, 537 U.S. 322, 340 (2003) ("a decision adjudicated on the
merits in a state court and based on a factual determination will
not be overturned on factual grounds unless objectively unreasonable
in light of the evidence presented in the state-court proceeding")
(dictum); <u>Burt v. Titlow</u>, 134 S. Ct. 10, 15-16 (2013) (same).

**B.  Standard for Ineffective Assistance of Counsel**

In <u>Strickland v. Washington</u>, the Supreme Court established a
two-part test for determining whether a convicted person is entitled
to relief on the ground that his counsel rendered ineffective
assistance. 466 U.S. 668, 687-88 (1984).  A petitioner must
establish that counsel's performance was deficient and fell below an
objective standard of reasonableness and that the deficient
performance prejudiced the defense.  <u>Id.</u>  This is a "doubly
deferential" standard of review that gives both the state court and
the petitioner's attorney the benefit of the doubt.  <u>Burt</u>, 134 S.
Ct. at 13 (citing <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1403
(2011)).

The focus of inquiry under <u>Strickland</u>'s performance prong is
"reasonableness under prevailing professional norms." <u>Strickland</u>,
466 U.S. at 688-89.  In reviewing counsel's performance, a court
must adhere to a strong presumption that "counsel's conduct falls
within the wide range of reasonable professional assistance."  <u>Id.</u>
at 689.  Indeed, the petitioner bears the heavy burden to "prove,

by a preponderance of the evidence, that counsel's performance was unreasonable[.]" Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006).  A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690).

As to the prejudice prong of the Strickland standard, Petitioner's burden to demonstrate prejudice is high. Wellington v. Moore, 314 F.3d 1256, 1260 (11th Cir. 2002).  Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.  That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. At 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

To show prejudice when a petitioner entered a guilty plea, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).  This requirement serves "the fundamental interest in the finality of guilty pleas[.]" Id. at 58.  The inquiry as to whether

a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncrasies of the particular decision maker.'" Id. at 60 (quoting Evans v. Meyer, 742 F.2d 371, 375 (7th Cir. 1984)).

**C.  Exhaustion and Procedural Default**

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law. Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
>> (i)    there is an absence of available State corrective process; or
>>
>> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1) (2012).

Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" Duncan v. Henry, 513 U.S. 364, 365 (1995) (citing Picard v. Connor, 404 U.S. 270, 275–76 (1971)).  The petitioner must apprise the state court of the federal

constitutional issue, not just the underlying facts of the claim or a similar state law claim. Snowden v. Singletary, 135 F.3d 732 (11th Cir. 1998). In addition, a federal habeas court is precluded from considering claims that are not exhausted and would clearly be barred if returned to state court. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims). Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. Coleman, 501 U.S. at 750. If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).

A petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1179–80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort

to raise the claim properly in state court." <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11th Cir. 1999); <u>Murray v. Carrier</u>, 477 U.S. 478 (1986).  To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. <u>Crawford v. Head</u>, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A second exception, known as the fundamental miscarriage of justice, only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" <u>Murray v. Carrier</u>, 477 U.S. 478, 479-80 (1986).  Actual innocence means factual innocence, not legal insufficiency. <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995).  In addition, "[t]o be credible, a claim of actual innocence must be based on [new] reliable evidence not presented at trial." <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998) (quoting <u>Schlup</u>, 513 U.S. at 324).

## III. <u>Analysis</u>

### A.   Claim One

Petitioner asserts that his defense counsel, Jerry Burford ("Burford"), was ineffective for failing to advise him of a viable defense (Doc. 1 at 4-5).  When Petitioner raised this issue in his

Rule 3.850 motion, he asserted that he told the police that he committed the robberies because his god-daughter had been kidnaped and he needed $80,000 to pay her ransom (App. D at 7). Petitioner claimed that a defense of "duress/coercion existed, in light of the facts" and that Burford was ineffective for failing to apprise him of this defense. Id.

The post-conviction court denied Claim One as follows:

> At the evidentiary hearing the defendant testified that he did not provide Mr. Burford with any verification of the kidnaping or his having paid a ransom for her because that would have required him to put the family back in jeopardy, and he did not even want the police involved.  It was not reported to the police. The defendant offered no testimony or evidence at the hearing to support his claim.

> Mr. Burford testified at the evidentiary hearing that the defendant never offered him anything that could be a defense and the first time he (Mr. Burford) became aware of the kidnaping was when he read the defendant's post-conviction motion.  Mr. Burford also testified that the information provided by the defendant at the evidentiary hearing would still be inadequate to constitute a defense of necessity or coercion because these are affirmative defenses requiring the defendant to come forward with evidence to support the defense, and the defendant has none. The defendant would not, and indicated he could not, disclose the identity of the persons responsible for the kidnaping.  The defendant never gave Mr. Burford the information about who the subjects were who kidnaped his god-daughter, and would not provide it to the court when asked.

> At the change of plea and sentencing, the defendant testified under oath that he understood what he was doing, that he had reviewed the written plea agreement with Mr. Burford and he understood it, and that he had

reviewed the discovery materials with Mr.
Burford.  The defendant also indicated, under
oath, that he was pleading guilty to the charges
because he was guilty.  The defendant then
indicated that Mr. Burford had done everything
he wanted Mr. Burford to do, and that Mr. Burford
had talked to everyone he wanted Mr. Burford to
talk to.

When asked if he had talked with Mr. Burford
about any defense he might have the defendant
stated that he had not.  Mr. Burford then stated
that the defendant had made admissions to the
police in all of these cases "so primarily he
does not have a defense."  As noted above, when
Mr. Burford made this representation he had not
been informed of any kidnaping or necessity
defense by the defendant, and had no knowledge
of it until he read the defendant's post-
conviction motion.

The written plea agreement contains an
acknowledgment by the defendant . . . that the
defendant has discussed with his attorney the
facts of the cases and the defenses "that might
be available."

(App. D at 97-98) (internal citations to the record omitted).  The

post-conviction court concluded that Petitioner had failed to show

that his guilty plea was involuntary and further determined that

Petitioner had not satisfied either prong of the <u>Strickland</u>

ineffectiveness test. <u>Id.</u> at 103-04.  Florida's Fifth District Court

of Appeal *per curiam* affirmed (App. E at 37).  A review of the record

supports the state courts' rejection of this claim.

At the Rule 3.850 evidentiary hearing, Petitioner testified

that he told Burford his god-daughter had been kidnaped and that he

(Petitioner) had paid a ransom for her return (App. D at 41).

Petitioner said that Burford told him "that none of it mattered"

because Petitioner had confessed to the robberies. Id. at 41.   In contrast to Petitioner's testimony, Burford testified that Petitioner never told him he committed the robberies in order to pay a ransom and that the first time he had heard of the alleged kidnaping was when he read it in Petitioner's Rule 3.850 motion (App. D at 54, 55, 67).

Burford stated that prior to Petitioner's plea, he reviewed all police reports and the evidence against Petitioner and "saw nothing that would constitute a viable defense." Id. at 58.   Burford also stated that his advice that Petitioner plead guilty would not have changed even had Petitioner told him about the alleged kidnaping because coercion is "an affirmative defense as opposed to just presenting evidence.   That means that the burden of proof is transferred from the State to the defense, and that any defense of coercion would have to be proven by the defense beyond a reasonable doubt.   As I understand it and as [Petitioner] has said in court today, he has no witnesses to support that defense other than himself." Id. at 59.   When the post-conviction court asked Petitioner to provide information regarding the alleged kidnaping, Petitioner refused to do so. Id. at 72.

In rejecting this claim, the post-conviction court specifically found that Petitioner had not informed Burford of any kidnaping or ransom.   By so doing, the post-conviction court concluded that defense counsel was a more credible witness than Petitioner.

Questions of the credibility and demeanor of a witness are questions of fact. Freund v. Butterworth, 165 F.3d 839, 862 (11th Cir. 1999). The AEDPA affords a presumption of correctness to a factual determination made by a state court, and the habeas petitioner has the burden of overcoming the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). Moreover, determining the credibility of a witness, "is the province and function of the state courts, not a federal court engaging in habeas review." Consalvo v. Sec'y, Dep't of Corr., 664 F.3d 842, 845 (11th Cir. 2011); see also Gore v. Sec'y, Dep't of Corr., 492 F.3d 1273, 1300 (11th Cir. 2007) (recognizing that while a reviewing court also gives a certain amount of deference to credibility determinations, that deference is heightened on habeas review) (citing Rice v. Collins, 546 U.S. 333, 341–42 (2006) ("[r]easonable minds reviewing the record might disagree about the [witness'] credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination")). Federal habeas courts have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422, 434 (1983).

Petitioner has not shown by clear and convincing evidence that the post-conviction court unreasonably concluded that Burford was not informed of Petitioner's alleged reason for committing the robberies. Burford could not be expected to advise Petitioner of a

defense which Petitioner had prevented him from learning.  Moreover, given Petitioner's confession to police and his reluctance to provide details about the alleged kidnaping, Burford's conclusion that Petitioner had no viable defense if he proceeded to trial fell well within "the wide range of professionally competent assistance." Id. at 690.

Petitioner has not satisfied the first prong of Strickland, and he is not entitled to federal habeas relief on Claim One. 28 U.S.C. § 2254(d); Strickland, 466 U.S. at 697 (Because the petitioner bears the burden of satisfying both prongs of the test, the Court need not "address both components of the inquiry if the [petitioner] makes an insufficient showing on one.").

**B.    Claim Two**

Petitioner asserts that trial counsel was ineffective for failing to ensure that he (Petitioner) was informed that he would be represented by an attorney if he proceeded to trial (App. D at 43-47).  Petitioner raised Claim Two in his Rule 3.850 motion, and the post-conviction court rejected Petitioner's argument on the ground that Petitioner was essentially attempting to raise a claim of fundamental error which should have been raised on direct appeal. Id. at 99.  The post-conviction court further determined that Petitioner's assertion that he did not understand that he would be represented by counsel at trial was belied by his third Rule 3.850 claim in which he asserted that Burford had misadvised him about the

State's ability to question him about his prior convictions if he testified at trial. Id. at 100.

Respondent urges that this claim is unexhausted because, although Petitioner appealed the post-conviction court's denial of his Rule 3.850 motion, he did not raise the instant claim in his brief on appeal (Doc. 11 at 7-8). However, liberally construing Petitioner's appellate brief, it appears that he did attempt to raise this issue (App. E at 6). However, even if Claim Two is exhausted, Petitioner is not entitled to habeas relief.

At the Rule 3.850 evidentiary hearing, Petitioner argued that Rule 3.172 of the Florida Rules of Criminal Procedure requires that a defendant be advised at his change of plea hearing that he has the right to the assistance of counsel at trial (App. D at 45-46). When asked by the post-conviction court whether he believed that his plea was involuntary because he "didn't understand that [he was] going to have a lawyer with [him] during trial," Petitioner replied that he didn't know whether he would have the same lawyer or if he would have to pay for a lawyer if he proceeded to trial. Id. at 46.

Burford conceded at the hearing that he probably didn't specifically advise Petitioner that he would remain his attorney if he chose to go to trial because "it's axiomatic. If I'm your attorney and you want to go to trial, I'm still your attorney." (App. D at 62). Burford testified that nothing in his discussions with

Petitioner would have led Petitioner to believe that he would no longer be represented if he proceeded to trial:

> I heard his explanation today, and it makes no sense at all.  I was a Public Defender, appointed by the Court to represent him.  There is a fee that must be paid when they apply for a Public Defendant, but that's the only fee associated with it unless the Court makes a finding after trial that he should repay the Public Defender.  But I don't know how he could possibly believe that he would have to go hire a private attorney.

(App. D. at 63).  The post-conviction court rejected Claim Two, specifically noting that Petitioner's assertion that he did not understand that he would be represented by counsel if he proceeded to trial was inconsistent with Claim Three, also raised in his Rule 3.850 motion, that Burford had misadvised him about testifying at trial.  Id. at 100.  By so doing, the post-conviction implicitly court concluded that Petitioner was not prejudiced by counsel's alleged failure because he was aware that he had the right to counsel at trial.  The post-conviction court's rejection of this claim was affirmed by Florida's Fifth District Court of Appeal (App. E at 37).

The state court's conclusion that Petitioner was aware that he would be represented by counsel if he proceeded to trial was a factual credibility determination that is entitled to deference in this Court.  See discussion supra Claim One.  Petitioner has not presented clear and convincing evidence to overcome the state court's finding in this regard. 28 U.S.C. § 2254(e).  Based upon the record before this Court, Petitioner has failed to demonstrate that, had

Burford objected to the trial court's failure to specifically advise Petitioner that he would have counsel at trial, "he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.  The state court's conclusion that Petitioner did not suffer prejudice from counsel's alleged failure was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White, 134 S. Ct. at 1702.  Accordingly, Claim Two fails to satisfy Strickland's prejudice prong and is denied pursuant to 28 U.S.C. § 2254(d).

### C.   Claims Three and Four

In Claim Three, Petitioner asserts that his plea was involuntary because Burford led him to believe that if he (Petitioner) testified at trial, the state would be allowed to question him about his prior convictions, and the jury would find out that he had been convicted of robberies in other states (Doc. 1 at 8).  In Claim Four, Petitioner asserts that counsel failed to advise him that he could have been found guilty of a lesser included offense if he had proceeded to trial (Doc. 1 at 9).

Petitioner raised both of these claims in his Rule 3.850 motion where they were rejected by the post-conviction court (App. D at 100-04).  Respondent urges that Claims Three and Four are unexhausted because, although Petitioner raised these claims in his Rule 3.850 motion, unlike the issues raised in Claims One and Two of

this petition, he did not reference or discuss them in his brief on appeal (Doc. 11 at 7-9).  Respondent is correct.  The "one complete round" exhaustion requirement set forth in O'Sullivan v. Boerckel, 526 U.S. 838 (1999) applies to post-conviction review as well as direct appeal; a prisoner must appeal the denial of post-conviction relief in order to properly exhaust state remedies.  Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004)("Boerckel applies to the state collateral review process as well as the direct appeal process"); LeCroy v. Sec'y, Dep't of Corr., 421 F.3d 1237, 1261 (11th Cir. 2005) (as Florida prisoner failed to properly exhaust claim on direct appeal or Rule 3.850 appeal, it was procedurally barred, citing Coleman).

Pursuant to Rule 9.141(b)(3) of the Florida Rules of Appellate Procedure, failure to fully brief and argue points on appeal after receiving an evidentiary hearing on a Rule 3.850 motion constitutes a waiver of those claims.  See e.g. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979)(Florida prisoner must appeal denial of Rule 3.850 relief to exhaust remedies)[3]; Cortes v. Gladish, 216 F. App'x 897, 899-900 (11th Cir. 2007) (recognizing that when a petitioner receives an evidentiary hearing on his Rule 3.850 motion, his failure to address issues in his appellate brief constitutes a waiver of those claims); Coolen v. State, 696 So. 2d 738, 742 n.2 (Fla. 1997)

---

[3] The Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

(failure to fully brief and argue points on appeal constitutes a waiver of these claims); Duest v. Dugger, 555 So. 2d 849, 852 (Fla. 1990) (same).

Petitioner does not contend that he specifically appealed the issues raised in Claims Three and Four.  Nor has he shown cause for and actual prejudice from the default or presented new and reliable evidence to demonstrate that he is actually innocent of the underlying offense. Rather, he argues only that he did not know he had to specifically address each issue in his brief on appeal and that he "just appealed [his] 3.850 motion as a whole." (Doc. 1 at 9).  Such an argument does not constitute cause for Petitioner's procedural default. See Harmon v. Barton, 894 F.2d 1268 (11th Cir. 1990) (ignorance of the law fails to establish cause for a procedural default); Toole v. McDonough, 379 F. App'x 883, 885 n. 5 (11th Cir. 2010) (rejecting petitioner's contention that his pro se status and lack of legal knowledge constituted an external impediment justifying his failure to exhaust his claim).

Any further attempt at exhaustion in Florida courts would be futile because any attempt to now raise these claims on appeal would be untimely and procedurally barred under Florida law. See Fla. R. Crim. P. 3.850(k) (allowing 30 days for an appeal of a post-conviction court's rejection of a Rule 3.850 motion); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1989) (where dismissal to allow exhaustion of unexhausted claims would be futile due to state

procedural bar, claims are considered procedurally barred in federal court),*rev'd on other grounds*, 498 U.S. 308 (1991).  Claims Three and Four are both unexhausted and procedurally barred, and the Court will not address the merits of these claims.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.  <u>Certificate of Appealability</u>[4]

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

---

[4] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." <u>Id</u>. As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

further.'" <u>Miller-El</u>, 537 U.S. at 335-36. Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.   The Florida Attorney General is **DISMISSED** as a named Respondent.

2.   Claims One and Two of the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Craig Broughton (Doc. 1) are **DENIED**, Claims Three and Four are **DISMISSED**, and this case is dismissed with prejudice.

3.   Petitioner is **DENIED** a certificate of appealability.

4.   The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___15th___ day of April, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Craig Broughton
Counsel of Record